```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ERIK M. UNDERWOOD,                                                     :
                                                                       :
                              Plaintiff,                               :
                                                                       :      25 Civ. 5007 (JPC) (SN)
              -v-                                                      :
                                                                       :
BANK OF AMERICA CORPORATION,                                           :            ORDER
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 13, 2025, Erik Underwood filed an *ex parte* emergency motion against Bank of America for declaratory judgment, constructive trust, injunctive relief, and investor protection. Dkt. 4. On July 8, the Honorable Sarah Netburn, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, ordered Underwood to serve Bank of America with his complaint and *ex parte* emergency motion, explaining that "it is not apparent that Plaintiff is entitled" to the *ex parte* "emergency relief he seeks." Dkt. 9. Rather than comply with that order, Underwood then filed an emergency motion for reconsideration on July 24, Dkt. 10, which Judge Netburn denied on July 29, Dkt. 11. As Judge Netburn explained, she "ha[d] not denied Plaintiff's original motion" for emergency relief "but only directed that the Defendant be served with Plaintiff's papers." *Id.* She then ordered Underwood to serve his complaint, emergency motion, the original order directing service, the motion for reconsideration, and that order itself within one week, and to file proof of service no later than August 5. *Id.* Underwood served Bank of America on August 5 and filed proof of service on August 6. Dkt. 12. Now, he objects to Judge Netburn's July 29 denial of reconsideration, seeks an immediate hearing for a temporary restraining order, and asks this Court to "[c]onsider

removing" Judge Netburn for "a pattern of prejudicial rulings." Dkt. 13. Underwood then filed an amended motion of reconsideration of Judge Netburn's July 8 Order, which he acknowledges is "consistent" with his prior motion to reconsider. Dkt. 14 at 1-2 & n.1.

The Court overrules Underwood's objection and denies his requests. First, serving Bank of America "concerns only the manner in which [Underwood] will proceed on his underlying claim[s]," such that it is "not dispositive." *United States v. Pilcher*, 950 F.3d 39, 44-45 (2d Cir. 2020). Therefore, Judge Netburn's July 29 order denying reconsideration of the July 8 order requiring service, as well as that underlying July 8 order, is a non-dispositive order, the objections to which are reviewed only for clear error. *See* Fed. R. Civ. P. 72(a). Indeed, Judge Netburn made clear that Underwood's original emergency motion for injunctive relief had not been denied. *See* Dkt. 11. For the below reasons, the Court does not see any error in the challenged July 29 order, or the underlying July 8 order, let alone a "clearly erroneous" one. Fed. R. Civ. P. 72(a).

Even reviewed *de novo*, the Court finds Judge Netburn's July 8 and July 29 orders to be well reasoned and their conclusions well founded. Service on Bank of America was required because Underwood failed to meet the strict standard for *ex parte* relief, which requires "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b); *see also In re Vuitton et Fils S.A.*, 606 F.2d 1, 4 (2d Cir. 1979) ("caution[ing] district courts to observe scrupulously the requirements of Rule 65(b)"). As Judge Netburn explained, such harm was "not apparent," especially "considering the previous judgments issued on substantially similar claims." Dkt. 11; *see, e.g. Underwood v. Bank of Am. Corp.*, No. 22-1402, 2024 WL 1670592 (10th Cir. Apr. 18, 2024). Underwood's "original motion" for emergency relief, however, "has not [been] denied," Dkt. 11—so Judge Netburn's order merely requires Bank of America's notice and an opportunity to be heard before a recommended ruling

on that motion is issued.  *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974) ("The stringent restrictions imposed . . . by Rule 65[] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.").  Further, it is a basic tenet of law that "earlier adverse rulings, without more, do not provide a reasonable basis for questioning a judge's impartiality."  *United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992).  Judge Netburn's thoughtful approach to this case creates no "appearance of partiality."  *Contra* Dkt. 13 at 5.  Underwood's suggestion that Judge Netburn be removed from this case is therefore denied.

Finally, because Underwood's recently filed "amended emergency motion for reconsideration" "remain[s] consistent" with the denied reconsideration motion on which his objections are based, Dkt. 14 at 1 n.1, that motion is denied for the reasons set forth above.  The Clerk of Court is respectfully directed to close the motion at Docket Number 14.

SO ORDERED.

Dated: August 18, 2025
      New York, New York

                                              JOHN P. CRONAN
                                           United States District Judge