USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:___ 1/13/2026 __

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

ERIK M. UNDERWOOD,

                                        **Plaintiff,**                        **25-CV-5007 (JPC)(SN)**

                -against-                                                 <u>**ORDER AND OPINION**</u>

BANK OF AMERICA CORPORATION,

                                        **Defendant.**
-------------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        Bank of America (the "Defendant") moved to seal Plaintiff's Complaint because it

contains an exhibit that includes information that was produced in earlier litigation pursuant to a

protective order. The Court granted the Defendant preliminary relief and directed the Plaintiff to

address the Defendant's limited proposed redactions to the Complaint's exhibits. <u>See</u> ECF No.

22. Plaintiff opposes the proposed redactions. Because the limited redactions do not materially

interfere with the First Amendment and common law right of public access to court filings, and

because any limited infringement on those rights is justified by higher interests, including the

integrity of court orders and the Defendant's privacy interests, Defendant's motion to redact and

seal the Complaint is GRANTED.

**DISCUSSION**

**I.        Factual Background**

        In 2018, Plaintiff filed a civil action against Defendant in the United States District Court

for the District of Colorado alleging claims concerning the same subject matter as in this case—

namely, Defendant's alleged infringement of Plaintiff's trademark. <u>See</u> <u>Erik Underwood et al. v.</u>

Bank of America, No. 18-cv-02329 (PAB)(MEH) (D. Colo.) (the "Colorado Action"). In that action, the Colorado district court entered a Protective Order permitting the parties to designate certain documents produced during discovery as Confidential Material because they contained sensitive business information, including marketing strategies. In the course of the Colorado Action, the district court concluded that Plaintiff violated the Protective Order by, among other things, filing Confidential Material in a complaint against the State of Georgia (the "Georgia Complaint"). See ECF No. 20, Ex. D ("Thus, the Court finds there is no dispute that Plaintiff's conduct amounts to a technical violation of the Protective Order."). The Colorado district court rejected Plaintiff's arguments that the Defendant waived its claim of confidentiality or that disclosing Defendant's Confidential Materials was necessary to expose Defendant's alleged fraud and protect the public and investors. Id. The Colorado district court ordered the Plaintiff to "withdraw or seal all his public filings containing Defendant's confidential information" and pay Defendant its attorney's fees "in connection with enforcing its rights under the Protective Order." Id.

Admittedly, five days *before* the Colorado district court issued its order – but *after* at least one magistrate judge had found that Plaintiff violated the Protective Order – Plaintiff filed his complaint in this Court. The S.D.N.Y. Complaint is 108 pages long and includes 154 paragraphs. Attached as an exhibit to the S.D.N.Y. Complaint is the Georgia Complaint. The Georgia Complaint is 51 pages long and includes 100 paragraphs, 31 embedded images, and exhibits A-S. In order to enforce its rights under the Colorado Protective Order, Defendant seeks to redact from the Georgia Complaint:

- Five paragraphs (¶¶ 27, 66, & 69-71);
- Six embedded images (Figures 13, 22, 23, 26-A, 26-B, & 26-D); and

- Three exhibits (Exhibits E, R, & S).

Each of these items was produced in the Colorado Action as Confidential Material pursuant to the Protective Order and contains Defendant's confidential business information, including marketing material. Plaintiff opposes the motion for redaction, primarily arguing that (1) Defendant has waived its right to enforce the Protective Order; (2) the Confidential Material has already been publicly filed; and (3) Defendant's counsel should be disqualified.

## II.    Legal Analysis

"The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). "In addition to the common law right of access, it is well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" Id. at 120 (citation omitted). There is a strong presumption that a civil complaint should be filed publicly. As the Court of Appeals has stated:

> [A] sealed complaint leaves the public unaware that a claim has been leveled and that state power has been invoked—and public resources spent—in an effort to resolve the dispute. These considerations indicate that public access to the complaint and other pleadings has a "significant positive role," in the functioning of the judicial process.

Bernstein v. Bernstein Litowitz Berger & Grossman LLP, 814 F.3d 132, 141 (2d Cir. 2016) (citation omitted). To overcome this presumption, a court must make "specific, on-the-record findings that sealing is necessary to preserve higher values." Brown v. Maxwell, 929 F.3d 41, 48 (2d Cir. 2019) (citing Lugosch, 435 F.3d at 124). Any sealing order must be "narrowly tailored." Id. at 47 (citing cases).

First, Defendant seeks to redact only elements of the *exhibit* to Plaintiff's S.D.N.Y. Complaint. Defendant does not seek to redact any of the 108 pages and 154 paragraphs in

Plaintiff's S.D.N.Y. Complaint. Instead, Defendant's request is narrowly tailored to five paragraphs, six embedded images, and three exhibits to the Georgia Complaint, which itself is an exhibit to the S.D.N.Y. Complaint. Defendant represents – and Plaintiff does not dispute – that this information was produced in the Colorado Action as Confidential Material pursuant to the Protective Order. Accordingly, the request is narrowly tailored.

Second, this sealing is warranted to preserve higher values. The Confidential Material was produced pursuant to a Protective Order. A "protective order issued under Rule 26(c)" plays a "vital function" in civil litigation "by encouraging full disclosure of all evidence that might conceivably be relevant." Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 295 (2d Cir. 1979). "Unless a valid Rule 26(c) order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences." Id. Parties routinely produce sensitive, proprietary, or otherwise confidential information in reliance on court-ordered protections. If litigants cannot trust that protective orders will be enforced, they will be incentivized to withhold information, resist discovery, and litigate confidentiality at every turn—thereby increasing costs, delaying proceedings, and frustrating the truth-seeking function of civil litigation. Courts therefore have a compelling interest in ensuring that protective orders remain meaningful and enforceable.

Plaintiff has also now been found to have violated the Protective Order by engaging in the same conduct challenged here. Thus, an additional compelling interest supporting redaction is the judiciary's interest in respect for court orders. The Colorado district court's Protective Order prohibited Plaintiff from publicly disclosing the materials at issue, and he has since been

4

sanctioned for such conduct. Permitting Plaintiff to circumvent those orders by publicly filing the same information in this action would undermine the Colorado court's authority.

Finally, Defendant has a compelling privacy interest in maintaining the confidentiality of its sensitive business documents. The information and documents contained in the Georgia Complaint include marketing material and other confidential business information concerning Defendant's development of certain products, including early ideas regarding product names and communications with attorneys. See Samsung Electronics Co., Ltd. v. Microchip Technology, Inc., 748 F. Supp. 3d 257, 261 (S.D.N.Y. 2024) (sealing prevents "unauthorized dissemination of confidential business information, as well as proprietary technical and trade secret information, the protection of which outweighs the public's right of access"); see also Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (specific business information and strategies "may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

Plaintiff's arguments do not outweigh the compelling justification for the limited proposed redactions. Plaintiff argues that the Georgia Complaint is already available, unredacted, in the Colorado Action and therefore exists in the public domain. Although courts will deny sealing requests where the material sought to be sealed has already been publicly disclosed, rewarding Plaintiff's decision to violate the Protective Order once by allowing him to do so again is unreasonable. That outcome would also undermine the integrity of prior court orders, which is a substantial interest to this Court. Moreover, despite filing his "Emergency Verified Complaint" in this District on June 13, 2025, Plaintiff did not serve the Defendant until August 5, 2025, and only then through a registered agent. Defendant filed its motion to seal 16 days later. Given that Plaintiff was in ongoing litigation with the Defendant in Colorado and

elsewhere, the delay in service suggests a bad faith effort to violate the Colorado Protective

Order. Plaintiff's remaining arguments are without merit.

Accordingly, the Court finds that the presumption of public access to the confidential

materials attached to the Complaint has been overcome.

### CONCLUSION

The Court GRANTS Defendant's letter motion to seal. The Clerk of Court is respectfully

directed to maintain the unredacted Complaint filed at ECF No. 1 under seal. Defendant shall file

a publicly available version of the S.D.N.Y. Complaint with the limited redactions to Exhibit 1

(the Georgia Complaint) consistent with its proposed redactions by Friday, January 16, 2026.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      January 13, 2026
            New York, New York

6