UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                               :

ERIK M. UNDERWOOD,                              :

                       Plaintiff,          :

                                       :

          -v-                          :            25 Civ. 5007 (JPC) (SN)

                                       :

  BANK OF AMERICA CORPORATION,      :          <u>ORDER ADOPTING</u>

                                       :          <u>REPORT AND</u>

                    Defendant.         :         <u>RECOMMENDATION</u>

                                       :

------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

Plaintiff Erik Underwood brings this action alleging that Defendant Bank of America infringed on his trademark, and accordingly seeks emergency relief. Dkts. 1, 4. On January 12, 2026, the Honorable Sarah Netburn, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned dismiss this case for failure to state a claim and deny Plaintiff's emergency-relief request as moot. Dkt. 33 ("R&R").

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised that the parties "shall have 14 days" from the service of the Report and Recommendation "to file written objections," and warned that failure to timely file such objections would preclude appellate review.  R&R at 22-23.  The Report and Recommendation was served electronically on the parties on January 12, 2026.  Dkt. 33; *see also* Dkt. 3 (Plaintiff's consent to receive electronic service).  No objections have been filed and the time for making any objections has passed.  The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded.[1]  Accordingly, the Court adopts the Report and Recommendation in its entirety and grants Defendant's motion to dismiss in full and denies Plaintiff's emergency-relief request as moot.  The Clerk of Court is respectfully directed to close Docket Numbers 4 and 23.

---

[1] Instead of filing an opposition to Defendant's motion to dismiss, Plaintiff moved to strike Defendant's motion or, in the alternative, to deny that motion without prejudice and to stay all dispositive proceedings pending resolution of his motion to disqualify Defendant's counsel.  Dkt. 28.  On September 29, 2025, Judge Netburn denied Plaintiff's request, explaining that a motion for disqualification was premature and Defendant's motion to dismiss must be assessed based on the sufficiency of the Complaint.  Dkt. 29.  Judge Netburn nonetheless afforded Plaintiff the opportunity to file a substantive response to Defendant's motion by October 1, 2025, *id.*, but Plaintiff failed to do so.  Instead, Plaintiff filed an interlocutory appeal of Judge Netburn's September 29, 2025 Order.  Dkt. 30.  The Second Circuit *sua sponte* dismissed the appeal for lack of appellate jurisdiction on February 12, 2026, and issued the mandate on March 5, 2026, Dkt. 35, thus ensuring this Court's jurisdiction to adopt the Report and Recommendation.  *See, e.g., Doe v. Waltzer*, No. 24-2493, 2025 WL 733188, at *2 (2d Cir. 2025) (summary order) (explaining that while the "filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed," the "district court will regain jurisdiction upon dismissal of th[e] appeal" (internal quotation marks omitted)).

As stated in the Report and Recommendation, within fourteen days of this Order, "Plaintiff must file a letter setting forth his position on whether his position was 'exceptional' under the Lanham Act such that an award of attorneys' fees is warranted."  R&R at 20-22 (adding that the "parties should also discuss whether a non-monetary order may satisfy" Defendant).   And consistent with Judge Netburn's January 13, 2026 Order, Dkt. 34, Defendant shall file a publicly available version of the Complaint with the approved redactions by March 13, 2026, even though its original deadline to do so by January 16, 2026 has passed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: March 5, 2026
   New York, New York

         JOHN P. CRONAN
        United States District Judge